George M. Kraw (California Bar No. 71551)
Katherine McDonough (California Bar No. 241426)
Jessica N. Melgar (California Bar No. 311575)
Kraw Law Group, APC
605 Ellis Street, Suite 200
Mountain View, CA 94043
Telephone: (650) 314-7800
Facsimile: (650) 314-7899
gkraw@kraw.com
kmcdonough@kraw.com
jmelgar@kraw.com

Attorneys for:
Bd. of Trs. of the Western States Insulators and Allied Workers Pension Plan, Western States Insulators and Allied Workers Individual Account Plan, and Western States Insulators and Allied Workers Health Plan, Western States Insulators and Allied Workers Pension Plan, Western States Insulators and Allied Workers Individual Account Plan, and Western States Insulators and Allied Workers Health Plan

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| WESTERN STATES INSULATORS AND ALLIED WORKERS PENSION PLAN, WESTERN STATES INSULATORS AND ALLIED WORKERS INDIVIDUAL ACCOUNT PLAN, WESTERN STATES INSULATORS AND ALLIED WORKERS HEALTH PLAN, <br><br> And, <br><br> BOARD OF TRUSTEES, WESTERN STATES INSULATORS AND ALLIED WORKERS PENSION PLAN, BOARD OF TRUSTEES, WESTERN STATES INSULATORS AND ALLIED WORKERS INDIVIDUAL ACCOUNT PLAN, BOARD OF TRUSTEES, WESTERN STATES INSULATORS AND ALLIED WORKERS HEALTH PLAN, <br><br> Plaintiffs, <br><br> v. <br><br> COMANCHE'S CONSTRUCTION, INC., a Colorado Corporation, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT** |

1.  This action has been brought in an effort to collect unpaid contributions, interest, liquidated damages, and attorney's fees owed to the Plaintiffs as well as compel the Defendant in complying with an audit. This action arises under Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC § 1001 et. seq. and Section 301 of the Labor Management Relations Act of 1974 ("LMRA"), 29 U.S.C. §§ 1132 and 185.

## JURISDICTION AND VENUE

2.  The Court has jurisdiction of this action under the terms of Section 502(a), (e) and (g) of ERISA, 29 U.S.C. §1132(a), (e) and (g), 29 U.S.C. §185 and 28 U.S.C. § 1331.

3.  This Court has venue over this action pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132 (e), in that this is the district where the Plaintiffs Benefit Funds are administered and where the breaches described herein took place.

## INTRADISTRICT ASSIGNMENT

4.  Pursuant to Civil L.R. 3-2 (c), assignment to the Oakland or San Francisco Division of U.S. District Court for the Northern District of California is appropriate because the Plaintiffs Benefit Funds are administered in Pleasanton California.

## PARTIES

5.  The Plaintiffs Western States Insulators and Allied Workers Pension Plan, Western States Insulators and Allied Workers Individual Account Plan, and Western States Insulators and Allied Workers Health Plan (hereinafter the "Funds") are employee benefit plans within the meaning of Sections 3(1), 3(2) and 3(3) of ERISA, 29 U.S.C. §1002 (1), (2) and (3), and are maintained for the purpose of providing retirement, health and welfare, and related benefits to eligible participants. The Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements (hereinafter "CBA") between employers and various Local Unions, and therefore, are multiemployer plans under Section 3(37) of ERISA, 29 U.S.C. §1002(37).

6.  The Board of Trustees of the Western States Insulators and Allied Workers Pension Plan, Western States Insulators and Allied Workers Individual Account Plan, and

Western States Insulators and Allied Workers Health Plan (hereinafter the "Board") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

7. The Funds and the Board maintain their principal place of business at 7180 Koll Center Parkway Suite 200 Pleasanton, California

8. Defendant Comanche's Construction, Inc. (hereinafter "Defendant" or "Comanche") is a corporation existing under the laws of the State of Colorado with offices located in Colorado. Defendant transacts business in the State of Colorado as a contractor or subcontractor in the insulation industry. Defendant is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §1002(5), (11), and (12), and Section 2(2) of the LMRA, 29 U.S.C. §152(5).

9. Defendant is a signatory employer to a CBA which provides for payment of contributions to the Funds. The CBA binds the defendant to the provisions of the Agreement and Declaration of Trust that created the Plaintiffs Benefit Funds.

FACTS

10. Defendant entered into a CBA with International Association of Heat and Frost Insulators and Allied Workers Local 28 (hereinafter "Union'). This CBA established the terms and conditions of employment for heat and frost insulators employed by the Defendant.

11. Pursuant to Pension Fund Agreement and Declaration of Trust (hereinafter, "Trust Agreement"), the Board or their authorized representative may require an employer to submit any information, data, report, or documents that are reasonable, relevant to, and suitable for the purpose of the administration of the Funds.

12. Defendant employed certain employees covered by the CBA.

13. After an audit was performed for the years 2016-2018, the auditors for the Funds reported an underpayment of owed contributions.

14. On or about June 17, 2019, the auditors for the Fund provided Defendant notice of the underpayment and requested payment.

15. To date, Defendant has failed to pay the reported underpayments.

16. On or about July 13, 2019, Counsel for the Funds requested additional documents for the audit period of the year 2015 and 2019.

17. To date, Defendant has failed to submit the requested documents.

18. Pursuant to the Trust Agreement, an employer must immediately pay all amounts found to be due and owing as a result of the audit as well as all costs incurred by the audit.

19. Pursuant to the Trust Agreement, the Board may file suit in order to compel the conduct of the examination of the employer's books and records and the employer shall pay all costs incurred by the Fund in connection with the examination, including by not limited to attorneys' fees and costs in the filing and prosecution of the action to compel said examination.

20. Pursuant to the CBA, Defendant agreed to pay to the Funds certain sums of money for each hour worked by employees of Defendant covered by the CBA.

21. Defendant failed to timely submit its contributions for services performed under the CBA for hours worked during at least April through November 2019 .

22. Comanche submitted late payment for contributions owed in April through September, 2019, resulting in accrued interest and liquidated damages.

23. The Funds notified Comanche of the delinquent contributions and accrued liquidated damages and interest.

24. To date, Comanche has failed to submit payment for the month of November, as well as payment for the accrued liquidated damages and interest.

25. Under the terms of the Trust Agreement, an employer who fails to make timely contributions to the Plaintiffs Benefit Funds for employee fringe benefits is liable to Plaintiffs Benefit Funds for all unpaid contributions, liquidated damages on the unpaid principal, interest and attorney's fees and collection costs.  See also, 29 U.S.C. §1132(g).

26. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

    (a) double interest; or

    (b) interest plus liquidated damages.

FIRST CLAIM (Failure to Pay Contributions as Required By ERISA)

27. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 26 as fully set forth herein.

28. This is an action to collect unpaid contributions found owing to a multi-employer benefit plan pursuant to the terms of the Trust Agreement and the Collective Bargaining Agreement.

29. The Defendant's action constitute a failure of an employer to make contributions to a multi-employer plan, owed pursuant to 29 U.S.C. §1145.

30. Plaintiffs are entitled to judgment for all unpaid contributions, liquidated damages, prejudgment interest and reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(2).

SECOND CLAIM (Breach of Contract)

31. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 30 as fully set forth herein.

32. This is an action to enforce a Collective Bargaining Agreement pursuant to 29 U.S.C. §185(a).

33. The Defendant's failure to pay contributions owing breached the Collective Bargaining Agreement between the Defendant and the Plaintiffs to the detriment of the Plaintiffs. Plaintiffs are entitled to damages, liquidated damages, interest, attorney's fees and costs pursuant to the Collective Bargaining Agreement.

34. The Plaintiffs are entitled to pursue this claim as a third party beneficiary to the Trust Agreement pursuant to Schneider Moving & Storage Co. v. Robbins, et al. 466 U.S. 364, 104 S.Ct. 1844 (1984).

THIRD CLAIM (Audit Entry Under ERISA)

35. Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 34 as fully set forth herein.

36. This is an action to compel the employer to submit any information, data, report, or documents that are reasonable, relevant to, and suitable for the purpose of the administration of the Funds.

37. The Defendant's action constitute a failure of an employer to furnish the Funds the information necessary for the administration of the Funds, as well as a breach of fiduciary duty owed pursuant to 29 U.S.C. §1059.

38. Plaintiffs are entitled to judgment for all costs incurred in connection to secure the documents, including reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(2).

## PRAYER

WHEREFORE, Plaintiffs pray:

A. That Plaintiffs have Judgment against Defendant, Comanche's Construction, Inc., for mandatory submission of requested documents, delinquent contributions, plus interest from the date of the delinquency until the date of payment, liquidated damages or double interest in lieu thereof, costs and reasonable attorney's fees pursuant to the Collective Bargaining Agreement, the Trust Agreement and 29 U.S.C. §1132(g).

B. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant's cost.

Dated: January 16, 2020                                    Respectfully submitted,

/s/ Jessica Melgar
George M. Kraw, CA Bar No. 71551
Katherine McDonough, CA Bar No. 241426
Jessica N. Melgar, CA Bar No. 311575
Kraw Law Group, APC
605 Ellis Street, Suite 200
Mountain View, CA 94043
gkraw@kraw.com
kmcdonough@kraw.com
jmelgar@kraw.com